UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORION S. EHRINGER,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:16-cv-1955-GEB-KJN PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs Orion S. Ehringer, who proceeds in this action without counsel, requested leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 2.)[1] Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).

1

1  490 U.S. at 327.

2  To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).  Nevertheless, leave to amend need not be granted when further amendment would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Liberally construed, plaintiff's operative first amended complaint[2] alleges that the Sierra County Sheriff's Department took plaintiff's son while plaintiff was trying to report a crime, and then tried to make plaintiff "look crazy."  According to plaintiff, he signed his parental rights over to Janet Napolitano to resolve the matter in a timely fashion, but Sacramento County ultimately awarded custody of plaintiff's son to plaintiff's mother and gave plaintiff's son state benefits, even though plaintiff's son is purportedly an "illegal alien."  According to plaintiff, everyone

---

[2] After filing his original complaint on August 18, 2016, plaintiff filed a first amended complaint as a matter of course on September 6, 2016.  See Fed. R. Civ. P. 15(a)(1)(A).

involved in the custody battle, including Janet Napolitano, Sacramento County Child Protective Services, and the family court judge who made the custody determination, lacked integrity and essentially facilitated a kidnapping of plaintiff's son.  Plaintiff asserts claims under 42 U.S.C. § 14141 and 18 U.S.C. § 242.  He requests that the court proceedings take place in the Court of Admiralty on the seabed floor and that "Unlimited Captain John M. Withers be on the SEA-BED council." (See generally First Amended Complaint, ECF No. 3.)

Here, plaintiff's complaint plainly fails to state a claim upon which relief can be granted.  As a private citizen, plaintiff has no standing to bring a claim under 42 U.S.C. § 14141, which can only be brought by the Attorney General.  See 42 U.S.C. § 14141(b); Gustafson v. City of West Richland, 2011 WL 5507201, at *3 (E.D. Wash. Nov. 7, 2011); Clarke v. Upton, 2008 WL 2025079, at *19 (E.D. Cal. May 9, 2008).  Plaintiff's status as a private citizen likewise precludes him from prosecuting a claim under 18 U.S.C. § 242, which is a criminal statute.  As such, plaintiff's complaint is subject to dismissal.

If those were the only concerns with plaintiff's complaint, the court would have been inclined, especially in light of plaintiff's *pro se* status, to grant plaintiff leave to amend to attempt to state a different type of claim, such as a potential claim under 42 U.S.C. § 1983.  Nevertheless, leave to amend here would be futile for two primary reasons.

First, in light of the bizarre and delusional nature of the allegations outlined above, the action appears to be patently frivolous.

Second, even if the court set aside its concerns regarding the frivolousness of the action, it would be more appropriate for the court to abstain from hearing claims based on this family law matter.  See Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (no abuse of discretion in district court's abstention from hearing § 1983 claims arising from a child custody dispute).  As the Ninth Circuit Court of Appeals noted in Coats:

> This case, while raising constitutional issues, is at its core a child custody dispute.  The state courts have already considered the merits of Coats' claims and have held that her former husband is entitled to custody.  The district court was aptly reluctant to put itself in the position of having to review the state courts' custody decision.  If the constitutional claims in the case have independent merit, the state courts are competent to hear them.  Given the state

> courts' strong interest in domestic relations, we do not consider that the district court abused its discretion when it invoked the doctrine of abstention.

Coats, 819 F.2d at 237.  Thus, even if plaintiff could state a non-frivolous claim, abstention would be appropriate in this case.  To the extent that plaintiff disagrees with the state court custody determination, his proper recourse is to appeal or seek relief from the custody orders/decisions in the state appellate courts, and to pursue any related constitutional claims in the state courts.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without leave to amend.

2. Plaintiffs' motion to proceed *in forma pauperis* in this court (ECF No. 2) be denied as moot.

3. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations.  <u>Other than objections to the findings and recommendations or non-frivolous motions for emergency relief</u>, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  September 23, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4